UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES TELLO GARCIA,<br><br>    Claimant,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 1:17-cv-01252-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL<br><br>ECF Nos. 16, 19 |

Dolores Tello Garcia ("claimant") seeks judicial review of an unfavorable decision by the Commissioner of the Social Security Administration on her application for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to entry of final judgment by the U.S. Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the U.S. Court of Appeals for the Ninth Circuit. ECF Nos. 8, 13. At a hearing on March 28, 2019, the court heard argument from the parties. Having reviewed the record, administrative transcript, briefs of the parties, and applicable law, and having considered arguments raised at the hearing, we will remand.

Claimant experienced a work-related injury in 2010 and alleges that this injury left her

with ongoing physical limitations. The Administrative Law Judge ("ALJ") found that claimant had two severe impairments: (1) "lumber degenerative disc disease status post decompression and fusion" and (2) obesity. AR 15. The ALJ found, however, that claimant was not disabled and retained the residual functional capacity ("RFC") to perform light work with several specific limitations: (a) "no more than frequent kneeling and crawling," (b) "no more than occasional for all other postural activities," (c) "no more than occasional overhead reach with the upper extremity," (d) "avoid any concentrated exposure to unprotected heights and nearby machinery," and (e) "must have an option every 45 to 60 minutes to change positions for 1 to 2 minutes at the work station." AR 16.

An RFC determination must be based on substantial evidence. *See* 42 U.S.C. § 405(g). Here, the ALJ's determination is unsupported by such evidence. As discussed at oral argument, the administrative record contains the opinions of several doctors not referenced by the ALJ, and one of these opinions in particular—the opinion of Dr. Fast, a non-examining reviewer—closely resembles the RFC. The ALJ does not, however, make any reference to Dr. Fast's opinion, let alone explain why she apparently chose to give it more weight than the opinions of orthopedic surgeon Dr. Michael Lewis, whose opinion she gave "some weight," and orthopedic surgeon Alice Martinson, whose opinion she gave "little weight." Neither Dr. Lewis'[1] nor Dr. Martinson's opinions provide support for the ALJ's RFC determination.

Counsel for the Commissioner maintained at oral argument that we can infer that the ALJ relied on Dr. Fast's opinion as the basis for her RFC, given the similarity between the RFC and Dr. Fast's opinion. That may be so.[2] But even if we were to make such an inference, we would not be able to make out the reasoning behind the ALJ's decision to place great weight on Dr. Fast's opinion while giving less weight to the opinions of treating physician Dr. Lewis and examining[3] physician Dr. Martinson. The ALJ provided at least some explanation for discounting

---

[1] Dr. Lewis opined that claimant could do "semi-sedentary work." This determination, apparently a product of Dr. Lewis' worker's compensation-related analysis, does not equate to a determination that claimant can perform light work with limitations as stated in the RFC.

[2] This inference is hardly beyond debate, since Dr. Fast's opinion is not identical to the RFC.

[3] Although the Commissioner's brief refers to Dr. Martinson as a treating doctor, it appears that

the opinions of Drs. Lewis and Martinson,[4] but this is at best half the equation: we need to know why the ALJ found Dr. Fast's opinion worthy of greater weight. *See* 20 C.F.R. § 416.927(c). (providing that ALJs "will evaluate every medical opinion," and, unless a treating medical opinion controls, decide what weight to "give to any medical opinion").

The Commissioner urges us to find the error here harmless, arguing that abundant record evidence supports both the RFC and the ALJ's ultimate non-disability determination. In this case, however, the ALJ has not explained what evidence supports the RFC. It is not our place to find such evidence ourselves, and we cannot permit the Commissioner to do so for the first time in this court. *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground on which he did not rely.").[5] If we are to give the RFC determination meaningful review, we need to know how it was reached.

For the foregoing reasons, claimant's request for remand is granted.

**Order**

The decision of the Acting Commissioner of the Social Security Administration is vacated, and the matter is remanded for further administrative proceedings consistent with this opinion.

---

she is more appropriately considered an examining doctor.

[4] Claimant's brief focuses on Dr. Martinson, arguing that the ALJ committed reversible error in according her opinion little weight. Claimant argues that Dr. Martinson's opinion should receive careful consideration since she was an agreed medical examiner retained as an unbiased third party as part of the worker's compensation process. Claimant's challenge to the ALJ's evaluation of Dr. Martinson's opinion has some appeal, given that the ALJ dismissed this opinion in a brief paragraph and that the Commissioner has declined to defend one of the four bases that the ALJ provided for discounting it (conservative treatment). *See* ECF No. 19 at 11 (acknowledging that claimant received treatment "that was not solely conservative and was awaiting authorization for surgery" at the relevant time). However, we need not and do not reach this issue.

[5] At oral argument, claimant cast her primary claim as a step-five challenge, focusing on the ALJ's use of the RFC's limitations to determine that work exists for claimant in the national economy. By finding flaw with the RFC, we are focusing on an earlier stage of the sequential, disability-determination process. We are not, however, going beyond the arguments raised and preserved by claimant. *See* ECF No. 16 at 12 (objecting to the RFC and arguing that "The ALJ's determination is not supported by the record").

IT IS SO ORDERED.

Dated:  March 29, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 200.